UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVIN B. JAMES,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )        CV419-031
                                    )
UNITED STATES DISTRICT COURT,       )
                                    )
    Defendant.                      )

## ORDER

Despite being given multiple opportunities to comply, plaintiff Calvin James has inexplicably refused to submit this Court's form motion to proceed *in forma pauperis* (IFP). *See* doc. 4 (providing James with a copy of the Court's prisoner IFP form and ordering him to submit it within 14 days); doc. 6 (providing James with two copies of the Court's form and ordering him to submit it within 14 days). In lieu of complying, James filed an Amended Complaint and *another* handwritten version of the Court's IFP form. Docs. 7 & 7-1. In it, again, he fails to set forth the information required by the Court's form that has been thrice provided to him, explaining that "if [he is] required to pay costs of this [he] will not be able to prosecute [his] case due to lack of funds." Doc. 7-1.

James is incarcerated. *See United States v. James,* CR418-205 (S.D. Ga. January 31, 2019.) (jury verdict returned guilty). That means he must pay a filing fee, regardless of his indigency. James (perhaps) misunderstands that he is governed by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), which **requires *all* prisoners** — even those who are allowed to proceed IFP — **to pay the full filing fee of $350.00**. 28 U.S.C. § 1915(b)(1). The entire filing fee must be paid *even if* the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In other words, the barrier to entry is being granted leave to proceed IFP.[1] And to do that, James had to provide *all* the information the Court requires. The form is designed to elicit that information. He has repeatedly refused to provide it. Giving James the benefit of the doubt that

---

[1] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's *not* automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp*., 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

he simply misunderstands the importance of the Court's IFP form to the screening of his Complaint, the Court will give him one final opportunity to comply. The Court will construe any further failure to provide the information as a failure to diligently pursue resolution of this case and will recommend it be dismissed. This Court, after all, has the inherent authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

For James convenience, the Clerk is **DIRECTED** to provide him with yet another copy of the required form. James is **ORDERED** to complete the Court's prisoner IFP form and return it to this Court within **7 days** or face a recommendation of dismissal.

**SO ORDERED**, this __18th__ day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA