UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CALVIN B. JAMES, | ) |
| Plaintiff, | ) |
| v. | ) CV419-031 |
| UNITED STATES DISTRICT COURT, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Despite being given multiple opportunities to comply, plaintiff Calvin James has again inexplicably refused to submit this Court's form motion to proceed *in forma pauperis* (IFP). *See* doc. 4 (providing James with a copy of the Court's prisoner IFP form and ordering him to submit it within 14 days); doc. 6 (providing James with two copies of the Court's form and ordering him to submit it within 14 days); doc. 8 (providing James with yet more copies of the Court's forms and ordering him to submit them or risk dismissal for failure to obey a court order). In lieu of complying, James filed yet another Amended Complaint and a fourth handwritten version of the Court's IFP form. Doc. 9-1. In it, again, he fails to set forth the information required by the Court's form that has been thrice provided to him, explaining that "if [he is] required to pay costs

of this [he] will not be able to prosecute [his] case due to lack of funds." Doc. 9-1. He cites Fed. R. Civ. P. 5.2 as reason for submitting an IFP application to absolve him of any need to pay the filing fee. Doc. 9 at 1. That citation does nothing against the clear directive of the Prison Litigation Reform Act. As explained in the Court's prior Order:

> . . . James is incarcerated. *See United States v. James*, CR418-205 (S.D. Ga.) (jury verdict returned guilty on January 31, 2019). That means he must pay a filing fee, regardless of his indigency. James (perhaps) misunderstands that he is governed by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), which **requires *all* prisoners** — even those who are allowed to proceed IFP — **to pay the full filing fee of $350.00**. 28 U.S.C. § 1915(b)(1). The entire filing fee must be paid *even* if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.
>
> In other words, the barrier to entry is being granted leave to proceed IFP.[1] And to do that, James has to provide *all* the information the Court requires. The form is designed to elicit that information. He has repeatedly refused to provide it. Giving James the benefit of the doubt that he simply misunderstands the importance of the Court's IFP form to the screening of his Complaint, the Court will give him one final opportunity to comply. The Court will construe any further failure to provide the information as a failure to diligently pursue resolution of this case and will recommend it be dismissed. This Court, after all, has the inherent authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

> FN 1.  Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Doc. 8 at 2-3 (footnote omitted).

James has, at this point at least four copies of this Court's form and access through Bulloch County Jail, where he is being held in federal custody pending sentencing in his criminal case.  He again refuses to comply with the PLRA and this Court's order, despite its clear and unambiguous notice that he must do so or face dismissal.  James has been repeatedly warned and willfully refused to prosecute this action.  The case should be **DISMISSED** without prejudice for failing to comply with the Court's Order.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  2nd  day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA