IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVIN B. JAMES, )
)
    Plaintiff, )
)
v. ) CASE NO. CV419-031
)
UNITED STATES DISTRICT COURT )
FOR THE SOUTHERN DISTRICT OF )
GEORGIA, )
)
    Defendant. )
)

### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 10), to which objections have been filed (Doc. 11). After a careful review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Plaintiff argues that he has shown "law and fact that states the form can be handwritten and Federal Rule of Civil Procedure 5.2 states the filing fee or Motion to Proceed In Forma Pauperis, not both." (Doc. 11 at 1.) Despite the Magistrate Judge's prior orders addressing this point, Plaintiff misunderstands the nature of proceeding in forma pauperis as an individual who is

incarcerated. The Prison Litigation Reform Act ("PLRA") requires a prisoner bringing a civil action in forma pauperis to pay the full filing fee. Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001); Garrett v. Birmingham Police Dep't, No. 18-11908, 2019 WL 1890527, at *1 (11th Cir. Apr. 29, 2019) (citing to 28 U.S.C. § 1915(b)). However, an indigent plaintiff, although "liable for the entire fee, may pay his or her entire fee in installments." Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir. 2002). Further, "to enable the district court to assess an appropriate initial filing fee," prisoners are required to submit with their IFP application " 'an affidavit that includes a statement of all assets such prisoner possesses' and 'a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal.' " Id. at 1319 (quoting 28 U.S.C. § 1915(a)(1), (2)).

Here, Plaintiff has continually refused to supply this Court with the information it needs to assess an appropriate initial filing fee and has never provided this Court with a certified copy of his trust fund account statement. While no "prisoner [shall] be prohibited from bringing a civil action or appealing a civil or criminal

2

judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee," 28 U.S.C. § 1915(b)(4), the Magistrate Judge's report and recommendation recommends dismissal due to Plaintiff's continued refusal to comply with the Magistrate Judge's prior orders. (Doc. 10 at 1.) A district court may dismiss a suit sua sponte for failure to prosecute or failure to comply with an order. Brown v. Blackwater River Corr. Facility, No. 18-10710, 2019 WL 1306108, at *3 (11th Cir. Mar. 21, 2019). Accordingly, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's complaint should be dismissed without prejudice.

SO ORDERED this 6th day of May 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA